*238 OPINION of the Court, by
Ch. J. Boyle.
This is an appeal from a judgment obtained by' the appellee against the appellant in an action by petition and sum-m0nS*
The first point we shall consider is, whether the action is maintainable or not ?
The note upon which the petition is founded was given by the appellant to the appellee, negotiable and payable at the office of the Kentucky Insurance Company, endorsed in blank by' the appellee and appellant, discounted bv the compapy and afterwards taken up hy the appellee, on paying the amount thereof to the company, ^ the action is not maintainable, it must be either because of the endorsement made by the appellee or because the note was extinguished “by the payment of the amount thereof to the company by the appellee. It has been held that a blank endorsement does not of itself *239 transfer the property of a negotiable instrument, and that notwithstanding such endorsement the payee or
endorfemenc U fp filled ^up,^a maintained by the payee; af-"n ⅛ 0f the payee t or entlorfcr'
plea to ⅜⅛ o«l mote not under
1irst endorser may maintain an action in his own name —12 Mod. 192. A blank endorsement will render a ‘note or bill payable to order, like a note payable to bearer, transferable by delivery, and wiR give to any person to whom it may be tranferred the power of constituting himself the assignee of the beneficial interest in the instrument, by filling up the endorsement payable to himself; and when it is thus filled up, the action cannpt be brought in the name of the payee or endorser. But as in this case the endorsement remained blank, it can furnish no ground for an objection to the action in the name of the appellee.
. It is no less clear that the note was not extinguished by the appellee’s paying the amount to the company. Such would have been the effect, had the payment been thade by the appellant, who was the original payor of the note ; but where a negotiable instrument is taken up by an endorser, the instrument is not thereby extinguished, nor the obligation of any preceding party to the instrument destroyed. If the endorsements be in full, the endorser taking up the instrumtent cannot maintain ah action in bis own name upon it, unless it be re-endorsed to him by the last endorser; but where the endorsements are in blank, stveh re-endorsement is not necessary, because, as we have already stated, the instrument in that case is transferred by delivery, and the action, notwithstanding such endorsements, may be brought in the name of the original payee.
. The second point vve shall notice is, whether nil debet Was an admissible plea to the action ? The note upon Which the action is founded was given after the passage of the “ act to amend the law of proceedings in civil cases,” approved February 14th 1812. By the 8th section of that act all writings thereafter executed without seal, for the payment of money or property, or for the performance of any other act, are placed upon the sama looting with sealed writings, and to all intents and pur« poses invested with the same force and effect. This ’act having raised an unsealed instrument in all respects to the dignity of a specialty, it necessarily follows tha¿ no plea can be admitted as a defence to an action founded upon such an instrument, which would not be ad *240 missible to an action founded upon a specialty ; and as nil debet is not a good plea toan action upon a bond or other specialty, it was consequently not admissible in' this case, and the cou'rt below acted correctly in rejecting it. ' ' _
_ The only other point made in the case is as to the sufficiency of a plea which on a demurrer was adjudged bad by the court below.
The object of the plea is to deny the consideration upon which the note is founded ; but'it is clear that the facts alleged neither shew a want of consideration nor á failure of consideration.
The judgrnerit must be affirmed with costs and damages.