Judge Mills
delivered the opinion.
This is a summons and petition on a note made payable and negotiable, without defalcation, at the Southern Bank of Kentucky, drawn by the defendant, now appellant, and payable to l'homas S. Slaughter, who assigned or endorsed it to the appellee
The defendant appeared and craved oyer of the note and assignments, and then pleaded that the note was assigned, a* comrnencemenl °f the action, to the President, Directors and co. of the Southern Bank of Kentucky, and verified the plea by the assignment or endorsement then ex-¡sting thereon, in these words, “Pay the within to the pres'dent, directors and co. of the Southern bank of Kentucky,” and signed by the plaintiff. The plaintiff’s counsel moved the court to strike out the said endorsement, which the court permitted, and then the plaintiff demurred to the plea, and deiendant joined in demurrer, the court gave judgment for the plaintiff on the demurrer, and the defendant then offering no other plea, the judgment was given far the debt.
At a subsequent day it was discovered, that a judgment of respondeat ouster had not been formally rendered; and the court directed the judgment to be amended to read, that such judgment was rendered. At a subsequent day, the defendant offered a plea of the assignment, the same in snb-stance as the former, and aiso a plea of payment, without shewing any reason for their not being offered before. The court refused to allow these pleas, and let the judgment stand. To all these points the defendant excepted, aid has appealed to this court.
This note, on its face, is of a character that might be discounted by the Southern bank of Kentucky. If it was so discounted, it partook, by the express words of the charter cf that bank,cf the nature of a mercantile instrument, and *159 ivas placed, as to remedy, on the same footing of a foreign bill of exchange. As that bank was allowed to procure such instruments by discounting them, as has been already decided by this court, at the present term, in the case of Saunders and Hawkins vs the bank of Kentucky, the assignment to the bank was prima facie evidence that it bad been so discounted, and thereby raised to the grade of a mercantile instrument. If so, the practice with regard tqj bills , of exchange ought to rule this question. It is well settled, that the holder of a bill of exchange may, at the trial, strike out subsequent endorsements, although they are written in full. His holding of the bill is evidence that he has taken it up; and, therefore, that he has, by the mere act of taking up the bill, an authority to strike oat the subsequent endorsements, and treat them as nullities. Chitty on bills, 188. We see nO impropriety in applying this doctrine to notes standing on the same footing, and conceive the court below did right in' permitting the plaintiff to strike out, and in disregarding the plea.
Defts. should ⅛⅞⅞ at'onc'1-if they afteri u-ards add to doneoncause shewn,
As to the amendment of the judgment, we think it wholly unnecessary to have done so. The plea of the defend-* ant in form was a plea in abatement, bat, in substance, a plea in bar, if a plea at all, and the court ought to have treated it as such; and judgment of respondeat ouster, <m overruling it, was unnecessary.
We also see no error in the court below in rejecting the plea of payment. Defendants ought to plead all their pleas et once. If they add, it ought to be by shewing cause, and an application to the sound discretion of the court. In this instance, no cause was shewn, and no affidavit presented, alleging that there was a real defence, or that the plea was true. When a judgment is rendered in the ordinary course of proceeding, it ought not to be disturbed afterwards by the same court, unless it is shewn that there is a defence, and that injustice will be done by it, and some reason alleged for not pleading in due time.
The judgment is therefore affirmed with damages and costs. ' '
On rendering this opinion, Mr. Bibb presented the following petition for a rehearing-
The counsel for Bell respectfully solicits a rehearing, and suggests—
1st: That in order to make a promissory note a bill of exchange, it must have been actually discounted: and whilst *160 ¡life admitted, that if the bank had sued and averred ⅛⅝ discount of the bill, the possession and endorsement to the! bank would have been prima facie evidence of actual discount; yet, without stick averment the discount is not to be presumed,, much less when the suit is not by the bank, but by another, and no such averment is made.
2d: In every declaration upon a hill, it is necessary to shew that it is such a mercantile instruoasnt, to set forth a bill proper is sufficient without referring to the custom of merchants; but where a writing or note which, upon its face, is not a bill, is to be brought within the custom of merchants, there the facts which change its character and give it its higher and more dignified character, must be specially averred; — but here, neither in the, petition nor in the plea, is any averment of actual discount at bank.
3d: Although the endorsement of a bill in blank maybe stricken out at pleasure, before or at the trial, to make it correspond with the title,yet not. so of an endorsement filled up, transferring the bill away from the plaintiff, as in the present case. See Cbitty on bills, I ¡7, 1 IS, 20t.
4lb: Now if the bill was discounted at Bank and taken up By the plaintiff, he would have been hound to prove ibat fact opon a regular bill; and surely he would be bound to prove the same in this case: See Chitty on bills, 203. Novr if the plaintiff here had paid the bill as endorser, the remedy by petition was not proper; he should have declared upon the actual discount; the payment thereof by himself, the plaintiff, and then he would have been bound to prove jt.
5th: After profert of the note, and oyer and plea, the Striking out of the endorsement did not affect the plea; that part of the plea which sajs, as per endorsement, is surplus-age, the fact of assignment, and that the assignment was in Full force at the commencement of the suit, and then ¡s distinctly averred, and is sufficient, independent of the oyer given — the oyer wa3 only evidence, and when the assignment was stricken out, it was yet competent for the defendant, Bell, to prove his plea true by parol, although the assignment had been erased before the trial came on — the demurrer admits the truth of the plea.
All which is respectfully submitted. BIBB.
The court took the case under advisement, and on the i 1th December, 1820 Judge Mills delivered the following opinion:
In the former opinion rendered in this cause, it was as.-„ *161 $umed, that the paper, on which the action is founded, having been discounted at the bank at which it was negotiable, was thereby raised to tbe grade of mercantile paper, or, in other words, a foreign bill of exchange, and that the assignment to tbe bank, apparent on the note, was prima fa-cie evidence that the bank had so discounted it. These positions are deemed sound by the court, and the reconsideration of the cause was not prompted by any doubt of their correctness. But. a third position was assumed in the opinion, to wit, that the bare holding or possession of this paper, by the plaintiff below, was prima facie evidence that he was entitled to it, by having taken it up from the hands of the bank, as an endorser, on its being dishonored by the failure of the defendant below, who was the maker. Doubting this position, a rehearing has been granted. The case is analogous to an intermediate endorser suing the accept- or or drawer of a bill; in which case, it is necessary for the holder to shew title in the bill, when it appears by endorsements that he himself had passed it to others. What kind of evidence shall be sufficient to prove this; whether it is incumbent on him to shew the bill re endorsed to him, or a receipt endorsed, or other evidence that he has actually paid the amount and took up the bill, or whether his possession will be sufficient, till repelled by other evidence, the authorities are not agreed. The case of Bradford vs. Ross, 3 Bibb, 238 seems to adopt the first of these species of evidence. But it is worthy of remark, that although that derision is expressed in language indicating that the instrument, then decided upon, was subject to the lex mercatoria, ye! it in fact was not.. For notes made negotiable and negotiated at the office of the late Kentacky Insurance Company, never were raised to the grade of mercantile paper* and remained in the hands of the institution as ordinary bonds or notes in the hands of individual holders. Thus considering that paper, and the case as applied to it, the decision perfectly accords with tbe case of Welch vs. Linds, 7 Cranch, 159. As to the case of bills of exchange, however, some authorities are strong, that proof of actual pay* ment is necessary to entitle the intermediate endorser to recover, while others admit the bare holding of the bill aa good proof The bare possession of the bill furnishes a violent presumption, that the person to whom it bad been endorsed had not parted with it without payment; and we have no doubt that tbe doctrine which admits the possession *162 of the bill as good evidence, will be of great convenience in the mercantile world, and that it will enable dealers in such paper to recover their demands frequently, without the necessity of proving that they have actually paid their endorsers, who may be distant and almost inaccessible. Being at liberty to choose therefore, among conflicting decisions, between proof of actual payment and possession, as prima facie evidence of that payment, we have again adopted the latter rule, as most convenient, and equally conducive to the ends of justice. We feel ourselves much strengthened in this, by the decision of the supreme court of the United States, in the case of Duncan and others vs. the United States, 3 Wheat. 172. Tbisraay be considered as a case in point. There, after an examination of all the cases, this broad principle is maintained, “That if any person, who endorses a bill of exchange to another, whether for value, or for the purpose of collection, shall come to the possession thereof again, be shall be regarded, unless the contrary appears in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recóter, notwithstanding there may be on it one or more endorsements in full, subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsers, whose names he may strike from the bill, or not, as he may think proper.” The decisions of that court are entitled to great respect in mercantile transactions, as those which are more likely to produce uniformity on that subject in the different states; and for this, as well asrother reasons, to the principle here laid down, we readily subscribe. It follows, then, that the plaintiff below could not have been wrong in striking out the assignment and demurring to the defendant’s plea; and that the court below could not have erred in allowing him to do so.
An assignor of a note, negotiated in bank, acquiring the possession thereof, is prima fad-,.the owner, anti will be presumed to have taken it up :>fter it had been dis* honored.
Bibb for appellant, Crillenden fur appellee.
The former opinion of this court must stand unaltered and affirmed.