*482 OPINION of the court, by
Ch. J. Boyle.
— This? was an1 action upon a sheriff’s bond. The declaration makes profert of a copy of the bond, and after setting forth the penalty and the condition thereunder written, alleges for breaches thereof the nonpayment of money collected by the sherifl on two several executions in favor of the plaintiff.
The defendants pleaded several pleas, one of which was nil debet. To this plea the plaintiff demurred, and the court sustained the demurrer and adjudged the plea bad. On the other pleas issues in fact were taken, on the trial of which a Verdict was found for the plaintiff, and a judgment was thereupon rendered for the penalty of the bond, to be discharged b.y the payment of the da- *483 spages assessed by the jury anti costs. From which judgment the defendants have prosecuted this appeal.
Judgirent Anuid be foen-the bond byany other individual
one cafe on the. df“* "hereon forano» ther caufe,
The objections taken by the assignment of error which we deem material to be noticed, are the following : Í st, That profert should have been made of the original bond, instead of a copy. 2d, That the breaches of the condition of the bond as alleged are not sufFicient. 3d. That the court erred in sustaining the demurrer to the plea of nil debet. 4th, That the judgment as entered is defective.
To the first objection it is a conclusive answer that the plaintiff is not entitled to the possession of the bond, A sheriff’s bond is executed for the common benefit of all those who may be injured by his misconduct, and every person has an equal right to sue on it. But as every one cannot have the possession of the original, and no one can pretend to an exclusive right to it,, like every other public paper or record it must remain stationary, and a copy instead of the original must from the necessity of the thing be used. The plaintiff then having no right to the possession of the bond, cannot be compelled to produce it: for it is an established rule, that a party need not make profert of a bond or other deed, to the possession of which he is not entitled.
The second objection is equally untenable. The declaration states as to one of the executions that the sheriff had returned that he had made in virtue thereof 30 dollars, and one of the breaches alleged is that the sheriff “had failed and refused to pay the plaintiff the said sum of 30 dollars received and collected by him on the said execution.” It is contended that the statement of the sheriff’s return, that he had received the money, is but a statement of the evidence of the fact, and not an averment of the fact itself : and therefore that it is insufficient. It must be admitted to be in general true, that it is not sufficient in pleading to allege the evidence of a fact, instead of the fact itself ; but this doctrine does not hold where the matter coUsists of record, which (as in this case) the opposite party is estopped to deny. But were this averment defective, it would be immaterial, in as much as the subsequent part of the declaration, in alleging a breach in the nonpayment of this sum, contains substantially an averment that the sheriff had collected it. With respect to the Qther execution, thq *484 objection does'not in point of fact apply ; for the aver-* naent of both the collection of the money and the failure to pay it, is strictly forma! and regular.
. As to the third objection, there can be no doubt that the plea was bad.
Where a deed is but inducement, and matter of fact the foundation of the action, nil debet is a good plea ; but where the deed is the foundation of the action, and matter of fact only inducement, nil debet is no plea» Thus in debt for a penalty on articles of agreement, it has been held that nil debet is bad ; and so it has been ruled to be in an action upon a bail bond : both of which, cases are in principle precisely analogous to the present.
The fourth objection is clearly entitled to no weight. If the judgment as entered would be a bar to an action upon the bond by any other individual injured by the misconduct of the sheriff, it would have been proper to have so modified it as to prevent that effect. But such cannot be the operation of the jutfgment: for an act approved January 23, 1810, since which the bond in this case has been executed, expressly provides that a judgment in one case upon such bond shall in nowise abate or bar a suit thereon for another cause, tinless the whole penalty shall have been recovered of the securities.--Judgment affirmed.