SETTLE & BACON v. THE ST. LOUIS PERPETUAL MARINE, FIRE AND LIFE INSURANCE COMPANY.

MAY TERM. 1842.

Settle & Bacon v. St. Louis Perpetual Ins. Co.

A departure from the usual course of the voyage of a steamboat, for the purpose of saving *property*, is a deviation which discharges the insurer.

Error to the St. Louis Circuit Court.

GEYER for Plaintiff.

SPALDING & TIFFANY for Defendants.

*Opinion of the Court, delivered by Tompkins, Judge.*

Settle and Bacon sued the insurance company in an action of covenant. in the circuit court of St. Louis county, and that court having rendered a judgment against them, they prosecute this writ of error to reverse the judgment.

The action is founded on a policy of insurance, executed by the Perpetual Insurance Company to Settle and Bacon, the plaintiffs, as well in the original action as in the writ of error. The policy is in the usual form. The defendants pleaded, among other things not material to be here noticed,

1st. That after the steamboat Rolla (on board of which were shipped the goods, to recover damages for the loss of which this action was brought,) had departed from New Orleans upon the voyage in the declaration mentioned, towards St. Louis, she was stopped and detained from continuing her said voyage, by the master, without any necessity therefor, &c.

2d. That she was stopped and detained, and employed for twenty-four hours, in transporting goods, &c., from the steamboat George Collier, then lying aground in the Mississippi, to the shore of said river.

To these pleas the plaintiffs reply, severally,

1st. That the steamboat Rolla was stopped and detained to relieve the George Collier, lying aground as above mentioned.

2d. That at the time there was, and for a long time had

been, a general custom and usage in the navigation of steamboats and vessels in and upon the Mississippi river, that when any such steamboat or vessel engaged in the navigation of said river, and by any peril of the river aground, and in distress, and in great peril and danger of loss, for the master of any other steamboat and vessel, navigating such river, and passing near such steamboat or vessel in distress, to detain such steamboat or vessel, and to give relief to such steamboat or vessel so in distress, or peril, and for that purpose to employ such passing steamboat, or vessel, when necessary, in removing so much of the cargo of such steamboat or vessel in distress, as was necessary to be removed, in order to relieve such steamboat or vessel so in distress from such perilous condition, &c.

These two last replications then conclude with averments, that the Rolla was stopped and detained in relieving the George Collier, so in distress, &c.

To the two first replications to each of the above mentioned pleas, the defendants demurred; and rejoined to each of the second replications, that the usage and custom in such cases was to give relief to steamboats and vessels in distress, if the master of the boat or vessel in distress will pay, or agree to pay, to the owners of the passing boat such reward therefor as the master of such passing boat may think proper to demand; and without such agreement to pay, the usage or custom is to refuse to furnish the relief needed, &c.

To these rejoinders to the two second replications to the aforesaid pleas, the plaintiffs demurred. Judgment on all the demurrers was given for the defendants.

The question to be here decided is correctly stated by the counsel for the defendant in error to be this, viz: Whether the policy is avoided, or, in other words, whether it is a deviation, if a boat or vessel delay on her voyage to assist another boat or vessel in distress, when property only, and not life, is in danger. A deviation, say law writers, is a departure without necessity, or justifiable cause, from the usual course or line of the voyage. Hughes on Insurance, p. 139. And Phillips says, "A deviation is the increasing or varying of the risks insured against, without necessity, or

reasonable cause. See vol. 1st, p. 480. But when a departure from the usual course of the voyage is occasioned by necessity, or by any imperative or urgent obligation, it is not regarded as a deviation, but is excused in law. See Hughes on Insurance, 150. Deviations for the purpose of succoring distress are justifiable ; it is for the common advantage of all persons, underwriters and others, to give and to receive assistance to and from each other in distress.   6 East, 54; Lawrence v. Sydebotham.  To the same purpose, see 1 Phillips, 530, and authorities there cited.  But it seems, says the same writer, on the next page, that delay, or going out of the course, to save property, is a deviation. Mr. Justice Washington says, "If the stoppage be continued, or the risk increased by adding to the cargo, or diminishing the crew, or by other means, for the purpose of saving the property found, I think the underwriters are discharged." The same is implied by Chief Justice Marshall, in giving the opinion of the court, where speaking of the salvage to be allowed to the the owners of a vessel which had saved another vessel and cargo, he says, "The same rewards ought to be extended to all, for a service designed to be encouraged; and it is surely no reward to a man, made his own insurer without his consent, to return him very little more than he had advanced."

The cases here referred to by Mr. Phillips, have been examined, and are found to sustain him amply in what he says. But it is contended by the plaintiff in error that these are only dictas, and have not the force of a decision on the very point.  It seems that although the occasion often occurred, few have been bold enough to bring an action against insurers in such a case.  A case, however, cited by both parties in this cause, seems to be in point.  It is the case of Lawrence and others v. Sydebotham, 6 East, 54.  In this case it was decided, that "a policy of insurance on a ship, on a certain commercial voyage, giving leave to the assured to chase, capture, and make prizes, however it may warrant him in weighing anchor, while waiting at a place in the course of a commercial voyage insured, for the purpose of chasing an enemy who had before anchored at the same

Settle & Bacon
v.
St. Louis Perpetual Ins. Co.

MAY TERM. 1842.

Settle &Bacon
v.
St. Louis Perpetual In. Co.

place in sight of him, and was then endeavoring to escape, will not warrant him, after the capture, and in the course of the further prosecution of the voyage, in shortening sail and laying to, in order to let the prize keep up with him, for the purpose of protecting her as a convoy into port, in order to have her condemned, though such port were within the voyage insured.

In this case it was decided that the slackening sail for the purpose of convoying the prize, was a deviation which annulled the policy. In that case the plaintiff deviated to save his own property; in the case under consideration, the plaintiff deviated to save the property of another. Nothing seems more clear than that the salvage is to be considered as a compensation to those who aid in saving property endangered by the accidents of navigation, and as their reward both for their labor and for the loss of the premium paid to the underwriters. If we decide that the insured are at liberty to stop on the voyage, at the risk of the underwriters, to save all the property they may find in danger, we shall throw in their way many temptations to commit frauds. The judgment of the circuit court ought then, in my opinion, to be affirmed; and, the other members of the court concurring, it is affirmed.