PARISH and Another *v.* THE STATE on the Relation of
McFADDEN and Others.

In debt upon a bond, the plea of *nil debet* is bad upon general demurrer.

ERROR to the *Cass* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in 1846, by the state, on the relation of *McFadden* and others, against *Parish* and another.

The suit is founded on a penal bond executed by said *Parish*, the principal, and the other defendants, his sureties. The bond is conditioned for the faithful discharge, by *Parish*, of his duty as coroner of *Cass* county.

The declaration assigns, as a breach of the condition of the bond, that the relators, *McFadden* and others, on the 3d of *September*, 1842, recovered judgment against one *Ross* and others for the sum of 270 dollars, *Ross* being sheriff of said county; that the relators sued out a *fieri facias* upon said judgment, on the 15th of *December*, 1842, and delivered the same to said *Parish*, as coroner as aforesaid, to be executed; that said execution was returnable on the 13th of *June*, 1843; and that said *Parish* never returned said execution.

The defendants pleaded *nil debet*, and several other pleas in bar. The plea of *nil debet* was demurred to generally, and the Court sustained the demurrer. The other pleas led to issues of fact.

The cause was submitted to the Court, and judgment rendered for the plaintiff for the penalty of the bond, to be discharged by the payment of 219 dollars and 65 cents, with costs.

The first error assigned is, that the demurrer to the plea of *nil debet* should have been overruled. That demurrer was rightly sustained. The suit being on a bond, *nil debet* was a bad plea on general demurrer. *Tate* v. *Wymond*, 7 Blackf. 240.

The second error assigned is, that the plaintiff could not be entitled to more than nominal damages.

The evidence is not set out in the record, and the amount assessed by the Court, on the payment of which the judgment would be discharged, is less than the sum for which the execution issued. There does not appear, therefore, to be any ground for the second assignment of errors.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. W. Wright*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.