### JENNESS et al. *v.* CITY OF BLACK HAWK.

PLEADING — *Nil debet is no plea in debt on bond,* where the declaration shows the condition, and assigns breaches.

In an action upon the official bond of a city marshal, the ordinance under which he gave bond was pleaded, and the plea averred that there was named in the supposed bond, no obligee known to the law of the land, and

also that there was no right in the obligee named therein, to take the same, and also that it was wholly void. *Held,*—

1st. That the plea presents an immaterial issue.

2d. Otherwise, it amounts to *non est factum.*

3d. And upon replication thereto, in either case, judgment cannot be taken for want of an answer to the plea.

*The error in concluding by verification,* a plea travérsing the breach of condition assigned in a declaration upon a bond, may be waived by replying thereto.

And where the replication to such a plea assumed to answer the plea " of Walter B. Jenness, sixthly above pleaded," while, in fact, Jenness had pleaded only five pleas, and the only sixth plea was that of his co-defendants.

*Held,* that such an uncertainty was *falsa demonstratio,* and the name of Jenness might be rejected.

EVIDENCE — DECLARATIONS OF PRINCIPAL *in an official bond are evidence against the sureties* when they are made in the performance of some official act or duty, and in reference thereto

And, where the undertaking of the sureties was that their principal should duly account for and pay over all moneys which should come to his hands by virtue of his office, and the principal rendered his written account forty-one days after his term of office expired.

*Held,* that, under the circumstances of this case, the court could not say that the admissions made in the account rendered were not made in time to charge the sureties.

INSTRUCTIONS *were properly refused* where they assumed that a defalcation by the principal in a bond occurred during his former term of office, and that this was known to the city council when they appointed him to the term for which his sureties, defendants herein, became responsible ; and the evidence showed the defalcation, but failed to show that the council had knowledge of it.

Even if the facts were as supposed, the principle is of doubtful application to a municipal corporation.

SURETIES LIABLE FOR INTEREST AS DAMAGES *in an action upon an official bond.* Interest upon the balance due from the principal was properly allowed, from the date when he rendered his account.

### *Appeal from District Court, Gilpin County.*

THIS was an action of debt upon the official bond of Walter B. Jenness, city marshal of the appellee, which bond was executed by Jenness as principal, and Woodbury, Cowenhoven and Myers as sureties, and bound them " unto the plaintiff, by the name and description of the mayor and city council of the city of Black Hawk, in the county of Gilpin, Colorado Territory, for the use of the people of the

city of Black Hawk aforesaid," in the penal sum of $5,000, for the year following April 1, A. D. 1871.

In the declaration the breach of conditions is thus assigned: " Yet the said plaintiff in fact saith that Jenness did not well and truly pay over and account for all moneys which came into his hands by virtue of his said office of city marshal, as aforesaid, nor did he well and faithfully discharge the duties of his said office as, by the said writing, obligatory, intended and required.  But, on the contrary thereof, divers sums of money which came into his hands as city marshal during his said term, for taxes from divers and sundry citizens, tax payers of the city of Black Hawk, and by virtue of his said office, as aforesaid, amounting in all to a large sum of money, to-wit, the sum of fifteen hundred dollars, the said defendant, Jenness, failed to pay over and account for to said plaintiff, but appropriated the same to his own use and benefit, whereof defendants had notice, whereby an action hath accrued to the plaintiff to have and demand of and from the said defendants herein, the said sum of $5,000.   Yet the said defendants have not, nor either of them, paid the same, or any part thereof, though often requested, to the damage of the said plaintiff of $1,500, and therefore it sues," etc.

Jenness filed five pleas — the sureties, six.   All, firstly, pleaded *nil debet;* also all, secondly, pleaded *non est factum*, concluding to the country; also all, thirdly, craved oyer of the bond and its conditions, and pleaded *non est factum*, upon oyer had, concluding to the country ; and also, all, fourthly, pleaded a special plea, which, after the formal commencement, avers that the city council of the city of Black Hawk, on the 19th day of April, 1864, passed and approved an ordinance entitled, " An ordinance regulating officers' bonds," which ordinance is in words and figures following, to-wit : " An ordinance regulating officers' bonds. Be it ordained by the city council of the city of Black Hawk, that the treasurer elected for said city shall file a good and sufficient bond, with one or more sureties, in the sum of $5,000, for the faithful performance of his duties.   The city

clerk shall file a good and sufficient bond with one or more sureties, in the sum of $500, for the faithful performance of his duties.    The police judge shall file a good and sufficient bond, with one or more sureties, in the sum of $2,000, for the faithful performance of his duties.    The marshal shall file a good and sufficient bond, with one or more sureties, in the sum of $5,000, for the faithful performance of his duties.    The assessor shall file a good and sufficient bond, with one or more sureties, in the sum of $1,000, for the faithful performance of his duties; and the city surveyor shall file a good and sufficient bond, with one or more sureties, in the sum of $2,000, for the faithful performance of his duties.    Passed April 19th, 1864.''    And this defendant avers that, under and in pursuance of the above and foregoing ordinance, this said writing obligatory is void, because the said ordinance is the only one under and in pursuance of which the said writing obligatory was given and taken, and that there is no obligee in the said supposed writing obligatory known to the law of the land. That the mayor and city council in the county of Gilpin, Colorado Territory, for the use of the city of Black Hawk, had no right or authority to take the said writing obligatory from defendant and his sureties, and that the same is wholly void, and this he is ready to verify, wherefore he prays judgment, etc., if he ought to be charged with said debt by virtue of the said supposed writing obligatory.

Jenness, fifthly, craves oyer, and pleads general performance.    The sureties crave oyer, and aver a general performance by Jenness.    The sureties, sixthly, by leave of the court, pleaded that ''they are each surety for Walter B. Jenness, principal in the said writing obligatory, and that said Jenness was elected city marshal of the city of Black Hawk, for the municipal year extending from the first day of April, 1871, to the 31st day of March, 1872, and no longer, and that at the time the municipal year expired, to-wit, March 31, 1872, the said Jenness had well and truly paid over and accounted for all the moneys which had come to his hands, as city marshal aforesaid, and if he failed to

pay over and account for any money which came into his hands as city marshal of the city of Black Hawk, that such money was received by him after the said 31st day of March, 1872, and by him appropriated thereafter. And that said Jenness, during the said municipal year aforesaid, did in all things well and truly discharge the duties of the said office, and this the said defendants are ready to verify, wherefore they pray judgment if they ought to be charged with the said debt by virtue of the said writing obligatory," etc.

A demurrer to the pleas of *nil debet* was sustained, and the defendants stood by their pleas. Replications were filed by plaintiff to the fourth, fifth and sixth pleas, thus :

And the plaintiff by way of replication to the plea of Walter B. Jenness, one of the above-named defendants, and to the plea of Henry P. Cowenhoven, Benjamin W. Woodbury and Zephaniah Meyers, the other of the said defendants, by them and each and every one of them fourthly above pleaded, says *precludi non*, because it says that the mayor and city council of Black Hawk had good right and authority so to take and become the obligees in the manner and form, as in and by its declaration is alleged, and that said writing obligatory is in all respects good and valid in law, and of this it puts itself upon the country.

And the said plaintiff by way of replication to the plea of said defendant Walter B. Jenness, one of the said defendants, and to the plea of the other of the said defendants, viz.: Henry P. Cowenhoven, Benjamin W. Woodbury and Zephaniah Meyers, by them and each of them fifthly above pleaded, says *precludi non*, because it says that the said writing obligatory and the conditions thereof were not truly kept and performed to the true intent and meaning thereof, as in and by said plea is alleged, and of this the said plaintiff puts itself upon the country.

And the said plaintiff by way of replication to the plea of Walter B. Jenness sixthly above pleaded, one of the said defendants, says *precludi non*, because it says that the said defendant Jenness did not well and truly pay over and

account for the moneys which came into his hands as city marshal, according to the conditions, tenor and effect of the said writing obligatory, nor did he well and truly discharge the duties of the said office of city marshal, as in and by said plea is alleged, and this plaintiff prays may be inquired of by the country.

The sureties, then, and before the jury was called, moved for judgment on their fourth and sixth pleas; and Jenness then, also, moved for judgment on his fourth plea, because of no sufficient replication to the fourth, and none at all to the sixth plea.   Motion overruled.   Jury trial: verdict, debt, $5,000, damages, $909.74, and judgment on verdict. The opinion contains all other facts material to a complete understanding of the case.

Mr. L. C. ROCKWELL, for appellants.

Mr. ALVIN MARSH, for appellee.

WELLS, J.   I. In debt on bond the declaration showing the condition and assigning breaches, *nil debet* is no plea. *Parish* v. *State*, 3 Ind. 209; *Jensen* v. *Ostrander*, 1 Cow. 670; *Parks* v. *State*, 7 Mo. 379; *Brents* v. *Sthal*, 3 Bibb, 482; *Crigler* v. *Quarles*, 10 Mo. 320.

II. The ordinance set up in the fourth plea had no bearing upon the question presented by the residue of the plea. The averments as to this bring into the record no new element of fact material to the issue, and in considering the effect of this plea, may be disregarded.   The averment that no obligee known to the law is named in the bond, is also beside the matter.   If an obligation be executed to one by an impossible or fictitious designation, or the name of a person never in being, it is still a good obligation, and the person in fact intended may sue thereon in his own name, averring that the deed was made to him by the name therein mentioned.   This averment may, therefore, be rejected as senseless.   The remaining allegation of the plea, that the mayor and council had no authority to take the said writing

obligatory, and that the same is wholly void, is contradictory of that which precedes, for herein it is implied that there are such persons in being as the mayor and common council, which is before denied. Moreover, whether the mayor and council might lawfully become the obligees in such an obligation as set forth in the *narr.*, for the benefit of the city, is a pure question of law. It may be said, therefore, that the plea can only operate as a demurrer, the replication as a joinder in demurrer; in which view the issue of law joined must be treated as waived by the pleas to the merits which had been interposed therewith. Waiving these considerations, however, if the mayor and council had no lawful authority to become obligees in such a bond as mentioned in the declaration, to the use of the city, then the bond never was of effect, either as the deed of the defendants, or anybody else, as, indeed, the plea further on asserts. This averment, therefore, amounts to *non est factum.* The replication, though possibly informal, sufficiently answers it. There was no error, therefore, in denying the defendant's motion for judgment upon the fourth plea.

III. The sixth plea of the sureties is a traverse of the breach assigned in the bond, and should have concluded to the country. The plaintiff was at liberty, however, to pass by this error and reply. The replication re-asserts, in general terms, that the conditions of the defendants' obligation had not been kept and performed. More than this was not required. The breaches set forth in the declaration were then sufficiently answered. *Morris Canal Co.* v. *Van Vorst,* 3 Zabr. 98; *Treasurer* v. *Oswald,* 2 McM. 98; Steph. Pl. 355. It was unnecessary to again or more fully particularize them. The replication, it is true, assumes to answer the plea of "Walter B. Jenness, sixthly, above pleaded;" whereas Jenness plead but five times, and the sixth plea was that of his co-defendants. The replication, however, clearly answers this plea; it is expressed to be interposed to the plea sixthly before pleaded; there was no plea sixthly pleaded except that of the sureties, and, as we think, the

name of the defendant Jenness, by the insertion of which the uncertainty arises, is false demonstration and may be rejected, according to the maxim. The prayer for judgment upon this plea, also, was, therefore, well denied.

IV. The error assigned upon the admission of the bond in evidence is answered by what has been before said. The declaration properly counted upon it as executed to the corporation. Ang. & Ames on Corp., § 647.

V. It has sometimes been held that the declarations of the principal in an official bond are evidence against the sureties without reference to the time when, or the circumstances under which, they were made. *Treasurer* v. *Bates*, 2 Bailey, 362. The better doctrine appears to limit the operation of such declarations, against the sureties, to the case in which they are made, in the performance of some official act or duty and in reference thereto. 1 Phill. Ev. 525, * 526.* That in such case they are part of the *res gestæ*, and at least *prima facie* evidence as to the sureties, is abudantly maintained by authority. *United States* v. *Gaussen*, 19 How. 213; *United States* v. *Boyd*, 5 id. 50 ; *Stephens* v. *Crawford*, 1 Kelly, 574; *Dumas* v. *Patterson*, 9 Ala. 484; *State* v. *McKee*, 1 Gill & Johns. 378; *Graham* v. *County Commissioners*, 9 Dana, 182; *Dobbs* v. *Justice*, 17 Ga. 624 ; *Sumter* v. *Lewis*, 10 Rich. L. 171.

We have seen no case, however, in which the statements of the principal were received, to charge the sureties, when made after the expiration of his official term. The reports or statement of account of Jenness, which was received against his sureties, and which was, indeed, the only evidence of his defalcation, was given the 11th of May, and his official term seems to have terminated early in the previous month. Nothing appearing in evidence upon the point, we, perhaps, ought not to infer a holding over beyond the term of his appointment; and even if we should infer that his successor delayed in qualifying, and that so Jenness held over, until the date of his report, it is, perhaps, doubtful, whether the state of the question is changed ; for many authorities are to the effect that the sureties are

not liable for the acts of the principal during such holding over. The reasoning upon which such statements of the officer, when made during the official term, have been received against his sureties, would seem, however, to render them admissible in some cases, even though made after its expiration. The sureties obligate themselves to be answerable for what the principal does in his office; his official acts may, therefore, be shown to charge them; every declaration, accompanying and explanatory of the act, is part of it.

In the present case the undertaking of the sureties was that their principal should duly account for and pay over all moneys which should come to his hands by virtue of his office. The nature of the official duty, and the character and purpose of the suretyship, imply, if the words of the condition do not, indeed, import, that a full and formal statement of all moneys received should be rendered in writing.

But in the nature of things, it cannot have been intended by the parties that such account should necessarily, and at all events, be rendered before the qualification of the officer's successor.

The marshal was, it appears, charged with the collection of municipal taxes. These and other public dues may be, as in point of fact is frequently the case, in arrears, and the marshal bound to receive them down to the last moment of his official term. Having the probability of such payment in view, it would seem that the marshal might, unless a contrary requirement were imposed by the city council, lawfully defer his account until he should have completed his term; and that an account rendered seasonably after his outgoing might be held to perform the condition of the bond. It follows that an account rendered in a reasonable time after the expiration of the office would be in the performance of the duty imposed by the law, and contemplated by the condition of the bond, and would as fully affect the sureties as one rendered before that. The case of *Elken* v. *The People*, 3 Scam. 208, seems to furnish a satisfactory

analogy.    The admissibility of this account, therefore, depends upon whether it was rendered in reasonable time after the expiration of the officer's term ; and upon the evidence contained in the record, we cannot say it was not. As to this question, every case must be governed by its own circumstances.    For any thing which appears to us, the account may have been rendered at the first meeting at which the council were prepared to receive or act upon it; if so, it would seem clearly to be in fit time.    We ought not to indulge in presumptions to render this evidence incompetent.

VI.    The instructions prayed by the defendants assume that not only had a defalcation occurred in the former official term of Jenness, but that this was also known to the city council at the time of the second appointment, upon which defendants became his sureties.    Even if the facts were as supposed, the principle of the instructions is of doubtful application to a municipal corporation. But, while the evidence sufficiently exhibits that such defalcation did occur in the former term, evidence that it was known to the council is entirely wanting.

VII.    The jury were charged to compute interest on the amount which Jenness had received, and had failed to pay over ; they were not informed as to the time during which such allowance should be made, but gave interest only from the date of the report rendered by Jenness on the eleventh of May.    This computation was at least sufficiently favorable to the defendants.    The allowance of interest was proper.    The damages against the sureties are measured by the same rule as against their principal ; as against the principal the demand had been liquidated by the account or report of May 11 ; and so from that date, at least, interest was given by statute.    The judgment is

*Affirmed.*