CRIGLER, ET AL. vs. QUARLES.

*Nil debit* is not a good plea to an action of debt on a Sheriff's bond.

## APPEAL from Howard Circuit Court.

CHILTON & CLARK, *for Appellants, insist:*

1st. The Court erred in striking out the plea of *Nil debit,* filed by the said appellants to the declaration, because the suit was brought upon a Sheriff's bond—which was only the inducement to the action, and therefore *Nil debit* was a good plea, and should not have been stricken out by the Court. See 1st Chitty's Pleadings, 518. See also 11 Johnson's Rep. 414. See Revised Code of 1835, on penal bonds.

2nd. The Court erred in permitting the execution set out in the bill of exceptions to be read in evidence, because it contained no return day, and because it is not an execution issued in conformity to the law in such case made and provided.

3rd. The Court erred in permitting said plaintiff in the Court below to read as evidence the copy of the transcript from the docket of Joseph N. Laurie, a Justice of the Peace, because the same was irrelevant, and because it does not purport to be a copy of said Laurie's docket, but a copy of a transcript of said docket. See Revised Code in regard to copies.

4th. The verdict and judgment of the Court in this cause was, and is, contrary to the law and the evidence in the case, and should have been for the defendants, for the following reasons:—

There was no proof offered to show that the Sheriff was applied to for the said execution, either on or before the first day of the then next succeeding term of said Cooper Circuit Court, by said Quarles, or any one for him, and the law does not compel a Sheriff to go out of his bailiwick to make return of an execution. Neither does it provide that a deposite of an execution in the Post Office, directed to the Clerk of the Court in another County by whom it was issued, shall be any evidence of a return. The law providing for sending and directing an execution to any County in the State, does not impose upon the Sheriff of a distant or other County than that in which the execution was originally issued, the duty to make return of such execution. See Rev. Code, title "Execution," page ——. See 1st Aiken, 258, Vermont Reps. The law does not compel a Sheriff to perform any official duty out of his bailiwick.

5th. The Court erred in rejecting the evidence offered by the defendant below, because under the state of the pleadings, it was relevant to show that the said Sheriff had not broken the conditions of his said bond, and to show that he had faithfully served and executed said execution within his bailiwick according to law. See Rev. Code, title "Executions."

6th. The Court erred in refusing to exclude the evidence of the witnesses, Trigg and Clark, because the same was irrelevant and inadmissible, and should have been rejected by the Court, because both stated that Crigler was Sheriff of Howard County, and had failed to make return of an execution to a County out of his bailiwick.

HAYDEN, *for Appellee, insists:*

1st. That the plea of *Nil debit* was not a good plea to the action of the plaintiff, and that the Court did right in striking it out upon the motion of the plaintiff. See 7 Mo. Rep. 194—5.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of debt on the official bond of the appellant, Crigler, late Sheriff of Howard County, to recover the amount of an execution issued from the office of the Clerk of the Cooper Circuit Court, in favor of Quarles, and against Isaac N. Bernard, and placed in the hands of the late Sheriff of Howard County for collection.

The declaration assigned several breaches, amongst others the failure of the said Sheriff to return said execution in obedience to the command therein. The defendants below filed two pleas, *non est factum* and *nil debit.* Issue was taken on the first plea, and a motion was made to strike out the plea of *nil debit,* which was sustained, and the plea was struck out by the Circuit Court, and that is the error assigned, and mainly relied upon now, to reverse the judgment of that Court.

This question has heretofore been presented to this Court, and we are now called upon to review the decision then made. In the case of Parks and others vs. The State of Missouri, 7 Mo. Rep. 195, the Court say that "*nil debit* is a bad plea to an action of debt on a bond with collateral conditions," and refer to 1st Chitty, page 518.

It is laid down in the reference to Chitty's Pleadings, that in debt on

a *specialty*, it has been considered that there is a material distinction between those cases in which the deed is only *inducement* to the action, and *matter of fact is the foundation* of it; and those in which the deed itself is the foundation, and the fact merely inducement. In the former case, as in debt for rent due on an indenture of lease, though the plaintiff had declared setting out the indenture, yet as the fact of the subsequent occupation or holding, gave the right to the sum demanded, and was the foundation of the action, and the lease was mere inducement, the defendant might plead *nil debit*. For the same reason that plea was sufficient in debt for an escape, (except where the defence was a recaption,) or on a *devastavit* against an executor; the judgment in these actions being merely inducement, and the escape or *devastavit*, the foundation of the action.

But when the deed was the foundation of the action, although extrinsic facts are mixed with it, the defendant, if he deny the execution of the deed set forth in the declaration, should plead *non est factum*, and *nil debit* was not a sufficient plea; as in debt for a penalty on articles of agreement, or on a bail bond, or on a bond setting out the condition and breach.

To support the text, reference is made to 2nd Salk. 565; 1 Sand. 38, N. 3, 219—276. N. 1, 2, 202—211. 2 ib. 187, a note 2, 299. N. 1, and the authorities there referred to, which will be found on examination to sustain fully the text.

Having established the fact that a distinction exists, where the deed is the *foundation* of the action, and where it is merely *inducement* thereto, we shall endeavor to ascertain what relation the bond in this case sustains to the action; and for this purpose a resort will be had to the application of the rule, as made by the Courts, where the point has been presented.

The first case to which we would refer, is to be found in 2 Strange's Rep. 778, and was an action of debt on a specialty for the penalty, for not accepting and paying for stock, according to a contract. The plaintiff averred performance of every thing on his part to entitle him to the action:—the defendant pleaded *nil debit*, to which the plaintiff demurred, and judgment for plaintiff. After this case had undergone argument at four different terms of the Court, the plea was finally adjudged bad. See 2 Ld. Ray'd, 1500. 8 Mod. 106.

In the case of *Sneed, et al.* vs. *Wister, et al.*, 8 Wheaton's Rep. 690, which was an action of debt upon a bond, with a penalty, with condition that the obligor should prosecute his appeal, &c., the averments were

*Crigler, et al. vs. Quarles.*

that he did not prosecute, &c. The second plea was *nil debit*, to which the plaintiff filed a demurrer, the Court held the plea to be clearly bad, " no principle of law being better settled than that this is an improper plea to an action of debt upon a specialty or deed, where it is the foundation of the action."

The case of *Bullis, adm'r* vs. *Giddens, et al.* 8 John. Rep. 83, was an action of debt on a recognizance of bail. The defendant pleaded *nil debit*, to which there was a demurrer and joinder, and the only question was whether such a plea is good. The Court held it not to be a good plea, and base their decision on Chitty's Pleadings, 518, and the authorities there cited.

In the case of Minton, *qui tam*, &c. vs. Woodworth and Ferris, 11 John. 473, which was an action of *debt* brought by the plaintiff, who sued as well, &c., as assignee of the late Sheriff of *Cayuga*, on a bond for the gaol liberties, executed by *Woodworth* and *Ferris* as his security. The defendant pleaded, among other pleas, that of *nil debit*, to which the plaintiff demurred. The Court recognizing the correctness of the general rule contained in Chitty's Pleadings, and referring to the case in 8 John. 83, *held*, that the bond in this case was mere inducement, and that the escape was the foundation of the action. Whilst this case may be supposed to conflict with the principle asserted in the case in 8 John. 83, above referred to, yet the Supreme Court of New York evidently do not so consider it, either by any direct declaration therein contained, or by any expression subsequently expressed by that Court, where the question has been presented.

*Jausen*, Supervisor, &c. vs. *Ostrander, et al.* 1 Cowen, 670, was an action of *debt* on a bond with a penalty, and a condition under written, executed by the defendant as collector, &c., and the other defendants as his sureties to the Supervisor.

The declaration set forth the condition of the bond, assigned breaches, with the necessary averments, to show that the defendant, *Ostrander*, had forfeited the bond, by not accounting for the whole tax. The defendants filed their plea of *nil debit*. In commenting on this point the Court say " it was contended on the argument, that the plea of *nil debit* was not a denial of the bond." To this it may be answered, that, such a plea to a bond, setting out the condition and breach, is bad, and may be demurred to ; but if this is omitted, the plaintiff must prove every allegation in his declaration. See 1 Chitty, 477. 2 Saund. 187, a note 2. 5 Esp. Rep. 38.

*Bradford* vs. *Ross*, 3 Bibb, 238, was an action by petition and sum-

mons on a promissory note, and the plea of *nil debit* filed, which was rejected by the Circuit Court. The Court of Appeals in reviewing the case, say: "the second point we shall notice is, whether *nil debit* was an admissible plea to the action. The note upon which the action is founded, was given after the passage of the act to amend the law of proceedings in civil cases, approved February 14, 1812. By the 8th section of that act, all writings thereafter executed, without seal, for the payment of money or property, or for the performance of any other act, are placed upon the same footing with sealed instruments, and to all intents and purposes invested them with the same force and effect. This act having raised an unsealed instrument, in all respects to the dignity of a specialty, it necessarily follows that no plea can be admitted as a defence to an action founded upon such an instrument, which would not be admissible to an action founded upon a specialty; and as *nil debit* is not a good plea to an action upon a bond or other specialty, it was consequently not admissible in this case, and the Court below acted correctly in rejecting it."

*Brents, &c.* vs. *Sthal,* 3 Bibb, 482, was an action upon a Sheriff's bond. The declaration made profert of a copy of the bond, and after setting forth the penalty and condition thereunder written, alleges for breaches thereof, the non payment of money collected by the Sheriff, on two several executions, in favor of the plaintiff, &c. The defendants pleaded several pleas, one of which was *nil debit.* To this plea the plaintiff demurred, and the Court sustained the demurrer, and adjudged the plea bad. The action of the Circuit Court in sustaining the demurrer to the plea of *nil debit,* was assigned for error. In noticing this assignment, the Court say, "there can be no doubt that the plea was bad," and refer to the principle which we have extracted from Chitty's Pleadings, p. 518.

This latter case is directly in point with the case at bar, and entirely sustains the action of the Circuit Court in striking out the plea of *nil debit.*

The reason assigned in the books why the plea of *nil debit* should not be allowed, is, that it would make it extremely difficult for a plaintiff to recover, as it would put him upon the proof of every fact necessary to the maintainance of an action on a parol contract. The solemn deed of the party, not concluding the defendant in any wise, the plaintiff would have to look every way and consider from how many quarters he is liable to be attacked. If the defendant denies the bond sued on, he must resort to his plea of *non est factum;* if his defence be based on a per-

formance of the breaches alleged, he must plead such defence specially, which will advise the plaintiff what he is required to prove to entitle him to a judgment.

In a case reported in 3 J. J. Marsh. 600, which was an action of debt on a Virginia record, and the plea of *nil debit* filed—the Court draw a distinction between judgments obtained where the defendant was personally served with process, and where the judgment was obtained by constructive service, or a proceeding in *rem*. To an action brought on the former, the plea would be inadmissible, as the defendant would be precluded from going behind the judgment to show that he was not indebted ; whilst to an action brought upon the latter class of judgments, affording only *prima facie* evidence of indebtedness, the plea would be good in order to let the defendant disprove the judgment. In the former case the judgment is the foundation of the action; in the latter case the original indebtedness is the foundation, and the judgment mere inducement.

We conclude, therefore, that upon principle, and according to the adjudications of the Courts, the plea of *nil debit* was bad in the case now before us, and that the Circuit Court committed no error in striking it out.

There were other points raised by the parties, but which were not pressed, and being of minor importance, we have not investigated them.

The plea of *nil debit* not being admissible, and having been struck out by the Circuit Court, the breaches in the declaration were taken as confessed, there being no other plea, and all the plaintiff had to do was to read the bond and prove the fact of the Sheriff having failed to return the execution.

The other Judges concurring herein, the judgment of the Circuit Court is affirmed.