OTTO DUERRE *et al.*, Respondents, v. ADOLPH RUEDI-
GER *et al.*, Appellants.

St. Louis Court of Appeals, February 25, 1896.

Contracts: RIGHT OF ACTION BY BENEFICIARY WHEN NOT A PARTY:
    STATUTE OF FRAUDS. One for whose benefit a promise is made upon
    a sufficient consideration may sue the promisor upon it, though he is
    not a party to the contract; nor is the promise by reason of its being
    thus made within the statute of frauds.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*J. B. Dennis* for appellants.

*Frank E. Burrough* for respondents.

ROMBAUER, P. J.—This action is brought upon an
oral promise, claimed to have been made by the
defendants to one Etzel for the benefit of plaintiffs.
The petition charges that Etzel, being indebted to the
plaintiffs in the sum of $100, and to the defendants in
the sum of $350, agreed to transfer and did transfer to
the defendants certain property in satisfaction of the
debt due from him to them and in consideration of
their additional promise, that they would pay his debt
to the plaintiffs.

On the trial of the cause before a jury the plaintiffs
recovered a verdict and judgment for $50. The defend-
ants appeal, and assign for error that there is no evi-
dence to support the verdict; that the court erred in
admitting illegal evidence against them, and that it also
erred in its instructions to the jury.

The plaintiffs'. evidence tended to show the following facts: Etzel, being the head of a family and in embarrassed circumstances, sent for one of the defendants and informed him that he was willing to secure the defendants' firm by a transfer of his barroom goods and fixtures. Etzel's indebtedness to the defendants, due and contingent, amounted at the time to $412, and his indebtedness to plaintiffs to $100. The evidence of the alleged promise which is now sued upon is contained in the following testimony given by Etzel: "I told him (one of the defendants) I owed plaintiffs $100. I said I would like for them (plaintiffs) to have their money. He (one of the defendants) said for me to send Schindler (one of the plaintiffs) to them. I had about $75 or $80 worth of goods on hand bought from plaintiffs, and told Doll (one of the defendants) about this. I said I didn't know I had a right to turn these goods over to them, as they were not paid for. Doll said, send him to me. I would not have turned over these goods, unless I had thought they would pay plaintiffs."

No disposition was made of the goods on the day of this interview. The next day the defendant Doll called upon Etzel with a justice of the peace, and it was agreed that the goods should be appraised and that the defendants should take them at their appraised valuation. The defendants and Etzel had the goods appraised at their cost value, which was $352, and Etzel made an absolute bill of sale to the defendants for that amount and turned the goods over to them. Nothing was said on that day to. the defendants, or either of them, touching plaintiffs' claim.

The law in this state is settled that one for whose benefit a promise is made upon a sufficient consideration may sue the promisor upon it, and that the promise is not one within the statute of frauds. *Robbins v.*

*Ayres*, 10 Mo. 538; *Harvey Lumber Company v. Lumber Company*, 39 Mo. App. 214–218, and cases cited. The theory of the plaintiffs' action, therefore, is correct, but the proof fails to support it. Assuming that the testimony of Etzel is true, there is nothing therein from which a promise on part of the defendants to pay plaintiffs' claim against Etzel can be inferred.

The court also erred in admitting evidence. It permitted the plaintiffs, against defendants' objection, to give evidence of what Etzel said to the appraisers in the defendants' absence. As this was mere hearsay, it is not conceivable on what theory it was admissible. Nor is it apparent on what theory Etzel's wife could testify as to her husband's statements, made to her in the absence of third parties. Such statements were mere hearsay and were, moreover, not provable by the wife, being protected by privilege independent of the ground of identity of interest. 1 Greenleaf on Evidence, sec. 254.

The only error in the plaintiffs' instructions is that there was no evidence to support them. As abstract propositions of law they are correct.

The judgment is reversed, and the cause remanded. All concur.