Ogle v. Sidwell.

---

HUGH L. OGLE, Appellant, v. WEEDEN SIDWELL, Respondent.

St. Louis Court of Appeals, July 19, 1912.    Motion for Rehearing Overruled October 15, 1912.

1. **LIBEL AND SLANDER: Evidence: Admissibility.** In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, defendant was properly permitted to introduce evidence tending to show that the trial was generally discussed in the community, and that others, who had joined in the conversations in which defendant was charged to have made the slanderous statements, made statements similar to those attributed to him; such evidence being pertinent as giving the whole of the conversations, and as giving, in connection with them, the circumstances tending to remove any implication of malice by defendant in taking part in them.

2. ———: ———: ———: **Damages.** And the objection made on appeal by plaintiff, that said evidence was incompetent because neither mitigation nor justification was pleaded in the answer, was not well taken, inasmuch as the jury, by their verdict, found that defendant had not uttered the words charged to have been uttered by him, and hence the question of damages was not open for consideration.

Ogle v. Sidwell.

3. ———: ———: ———. In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, defendant having testified concerning "the other parties taking sides," was properly permitted to explain who he meant by the "other parties;" the gist of the action being the establishment of the fact that defendant uttered the words, charged as slanderous, of and concerning plaintiff, and hence if he uttered them of and concerning another party, he had a right, when testifying, to so declare.

4. ———: ———: ———. In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, it was not error to permit defendant to give evidence from which a conclusion could be drawn that the justice of the peace and constable who officiated at plaintiff's trial acted improperly therein, since it would have been difficult to give an account of the trial without going into all the particulars connected with it.

5. ———: Instructions: Refusal: Covering Matters not Proved. In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, an instruction requested by plaintiff, that if the jury found that defendant spoke the slanderous words of and concerning plaintiff as charged in plaintiff's petition, the law presumes they were spoken maliciously and it was not necessary to prove express malice, was properly refused, inasmuch as some of the words, alleged in the petition as having been uttered by defendant, were not slanderous; and, as to others, there was no evidence tending to show defendant had uttered them.

6. ———: ———: ———: Narrowing Issues: Appellate Practice: Harmless Error. In an action for slander in stating that, on the trial of a charge of assault against him, plaintiff "got the jurors drunk and bought them," and that the "jurors must have been bribed or drunk," and that plaintiff bribed them and also got them drunk, an instruction given for defendant, stating that the only charge in the petition was that defendant charged plaintiff with bribing the jury, while narrowing the charges, was not erroneous, in view of the fact that the instructions given on plaintiff's request treated the gist of his action as being based on the charge of bribery.

7. INSTRUCTIONS: Narrowing Issues: Appellate Practice: Harmless Error. An instruction given on behalf of defendant, which narrows the issues made by the pleadings, is not erroneous as to plaintiff, where plaintiff's own instructions define the issues as being within the same compass.

8. DAMAGES: Instructions: Harmless Error: Appellate Practice: Libel and Slander. In an action for slander, where the

verdict is for defendant, errors in instructions affecting the recovery of damages only are harmless.

9. **LIBEL AND SLANDER: Instructions: Commentary on Evidence.** In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, an instruction, that if the jury found that the trial was generally discussed in the community in the presence of defendant and that defendant engaged in discussing it with others, then such facts could be taken into consideration on the question of punitive damages, was not improper, as an undue comment on the evidence.

10. ———: ———. In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, where defendant testified that his remarks were not levelled at plaintiff but at the justice and constable who officiated at the trial, an instruction, that though, soon after the trial, defendant did say that the jurors had been bribed or were drunk, such charges, of themselves, did not constitute a cause of action in favor of plaintiff, was not erroneous, as tending to mislead the jury, since the jury, in view of other instructions given, could not have understood the instruction to mean anything else than that defendant was not liable unless the remarks were made of and concerning plaintiff.

11. **INSTRUCTIONS: Charge Considered as Whole.** In determining the correctness of an instruction, it should be considered and construed in connection with the other instructions given.

12. **LIBEL AND SLANDER: Instructions.** In an action for slander in stating that plaintiff corruptly procured his acquittal on a charge of assault, where defendant testified that his remarks were not levelled at plaintiff but at the justice and constable who officiated at the trial, it was proper to instruct that if all the remarks made by defendant were made of and concerning the justice and constable, and not of and concerning plaintiff, the verdict should be for defendant.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Jesse B. Jones, F. J. Duvall* and *J. D. Hostetter* for appellant.

(1) The court erred in permitting defendant Sidwell to show that the case of State v. Ogle had been pretty generally discussed in the community and

that others had made statements similar to those attributed to him. Neither mitigation nor justification was pleaded, the answer being a general denial; hence such evidence was incompetent for any purpose. Sec. 1838, R. S. 1909; Baldwin v. Fries, 46 Mo. App. 288; Buckley v. Knapp, 48 Mo. 152. (2) The court erred in permitting defendant Sidwell to testify as to what he meant by the statements he admitted he made. It was not for the defendant as a witness to interpret his meaning. It was only proper for him to state what words he actually used and let the jury draw their conclusion as to the meaning of the words. Birch v. Benton, 26 Mo. 153; McGinnis v. Knapp & Co., 109 Mo. 131; Caruth v. Richeson, 96 Mo. 186; State v. Boos, 66 Mo. App. 537. (3) The court erred in permitting defendant to give evidence of circumstances and incidents from which a conclusion could be drawn that justice of the peace Johnson and constable Reynolds had acted improperly in the trial of the case of State v. Ogle. (4) The court erred in refusing plaintiff's instruction No. 4. Buckley v. Knapp, 48 Mo. 152; Barbee v. Hereford, 48 Mo. 323; Wood v. Hilbish, 23 Mo. App. 389. (5) The court erred in giving instruction No. 2 for defendant. The answer was a general denial. Mitigation was not pleaded. Justification was not pleaded. Defendant denied by his answer speaking the words. Hence, discussion in the community, would not, in the state of the pleadings, avail the defendant, nor would defendant's engaging in such "community" discussion avail him. Moberly v. Preston, 8 Mo. 462; Sec. 1838, R. S. 1909; Baldwin v. Fries, 46 Mo. App. 288; Buckley v. Knapp, 48 Mo. 152. Besides the instruction is erroneous as being a comment on the evidence.

*Pearson & Pearson* for respondent.

(1) It is insisted by appellant, that the court erred in the admission of testimony by permitting de-

fendant, Sidwell to show that the case of State v. Ogle had been pretty generally discussed in the community by himself and others. This evidence was not permitted in mitigation or justification of any alleged slanderous remarks against plaintiff, nor in mitigation of compensatory damages, if the jury found for plaintiff; but it was admitted for the purpose of explaining the occasion of the conversations between respondent and plaintiff's witnesses, and showing the truth, and the application, of the remarks alleged by defendant to have been made by him, and thereby disprove the facts which were a part of plaintiff's case. Bliss on Code Pleading (2 Ed.), Sec. 363, p. 550. Respondent insists however, that the testimony was not incompetent, but was properly admissible; that the jury had a right to have the same before it, in arriving at the amount of punitive damages against defendant, if perchance they should find that the alleged slanderous words had been said of and concerning plaintiff. It would have a very decided bearing, in showing defendant's feelings towards plaintiff, and his motive in speaking and saying what he is alleged to have said, if perchance the jury should find that he did make the alleged remarks of and concerning plaintiff. Israel v. Israel, 109 Mo. App. 366; Jones v. Murry, 167 Mo. 25; Callahan v. Ingram, 122 Mo. 355. (2) Appellant claims that the court erred in permitting Sidwell to testify as to what he meant by statements he admitted he made, found at p. 170 of record. Defendant did not testify as to what he meant, but did testify as to who he meant, when he referred to other parties; this he had a right to do. Callahan v. Ingram, supra.

REYNOLDS, P. J.—This is an action by plaintiff against defendant for alleged slander. It is averred in the petition that plaintiff had been on trial before a justice of the peace and a jury in a township in

Pike county, plaintiff being charged with an assault upon one Wheeler; that plaintiff was acquitted and discharged. It is further averred, that referring to that verdict of acquittal, defendant had wilfully, wantonly and maliciously spoken of and concerning plaintiff and concerning his discharge from the criminal prosecution by the verdict, certain false, defamatory and slanderous words, among others that plaintiff "bought that jury; no jury would ever have cleared him if he had not bought them; he (plaintiff) paid every man on that jury something to turn him loose." "He (plaintiff) got the jurors drunk and bought them; they would not have turned him loose if he had not paid them to do it." "He (plaintiff) bribed the jurors." "It was a concocted thing; it was a bribed jury, and old ―――― was drunk and went to sleep in the jury box." "He (plaintiff) bought his way through and swindled his way through; there was no doubt but what the jurors were bought and were drunk; the jurors must have been drunk or bribed." He (defendant) had "never heard of such a decision in his life. The jurors must have been bribed or drunk and Hugh Ogle bribed them and also got them drunk." It is charged that in speaking these words in the presence of divers and sundry persons, plaintiff intended to charge and did charge plaintiff with the commission of a crime under the laws of the State of Missouri, and further intended thereby to charge and did charge plaintiff with committing a criminal offense by corrupting and bribing jurors by giving gifts and gratuities and using unlawful means with intent to bias the minds of the jurors and to influence their verdict thereby, and that the persons in whose presence and hearing the words were spoken by defendant so interpreted and understood them, and understood by them that defendant asserted that plaintiff committed a criminal offense and bribed the jurors and made them drunk in order to secure a favorable decision in a crim-

inal case. Claiming that he had been greatly injured and had suffered actual damages in the sum of $1000, he prayed for that and for $4000 punitive damages.

The answer was a general denial.

The cause was tried before the court and a jury. The jury returned a verdict in favor of defendant, judgment following. Plaintiff interposed a motion for new trial and saving exception to that being overruled has brought the case here by appeal.

The errors assigned are to the admission of certain evidence on the part of defendant, to the refusal of an instruction asked by plaintiff, and to the giving of several instructions asked by defendant.

We have examined the assignments of error in the admission of testimony. One of these goes to the admission of evidence drawn out either in cross-examination of witnesses or when offered by defendant, tending to show that the trial of the case in which the State was prosecutor and plaintiff was defendant had been pretty generally discussed in the community and that others joining in the conversations with defendant had made statements similar to those attributed to defendant. We do not think this assignment is well taken. All of this testimony came out in connection with conversations that were carried on between defendant and various parties concerning the trial of plaintiff, and it is difficult to see how any connected account of the conversations and of what it is charged defendant said in them and in which defendant is alleged to have uttered the defamatory matter could have been brought out, unless all of the conversation was given. That this trial of plaintiff under the charge of assault was a matter of common discussion among the neighbors and that defendant had merely joined in this general conversation, certainly went to explain what defendant said in these conversations. The pertinency of this testimony was two-fold: first, it gave the whole conversation and, second, it

gave in connection with the conversation the circumstances tending to remove any implication of malice of defendant in his part of these general conversations.

It is urged that as neither mitigation nor justification was pleaded, the answer being a general denial, this evidence was incompetent for any purpose. We cannot agree with that proposition. As before remarked, without it, it was impossible for the jury to have obtained an intelligent account of the conversation carried on and of the circumstances under which the conversation occurred. We are unable to see how the objection that this was in mitigation of damages and that justification had not been pleaded in mitigation is pertinent. The jury, by their verdict, found that defendant had not uttered the words with which he was charged, so that there was no question of damages to be considered. If the verdict had been in favor of plaintiff and mere nominal damages awarded, a different aspect would be placed upon this matter. But that was not the case.

It is further assigned as error in the introduction of testimony that the court permitted defendant "to testify as to what he meant by the statements he admitted he made." We are referred to a page of the abstract in support of this assignment. Turning to that page, we find this occurred:

Counsel for defendant asked him, "What did you mean when you said 'the other parties taking sides?'"

Mr. Hostetter: "We object to that. Let him state the conversation?"

Objection overruled and exception saved.

Counsel for defendant then said: "Answer the question."

The witness said, "Well, I meant—"

Whereupon the court interposed and said to counsel, "You may inquire as to whom he referred." Defendant's counsel then asked him who he meant by "the other parties." Witness answered this by tell-

ing who he had meant. It will be seen here that while the court first overruled the objection as made, he corrected this ruling and practically sustained the objection by directing the witness to answer, not what he meant, but whom he meant when speaking of the matter. This was a correct ruling. A witness in a case of this kind is always at liberty to testify as to whom he meant, when names are not used. The very gist of the action is to establish as a fact that defendant uttered the words charged as slanderous of and concerning plaintiff. If he had not uttered them of and concerning plaintiff, but of and concerning another party, he was within his right, when testifying, to so declare.

It is further urged that the court erred in permitting defendant to give evidence of circumstances from which a conclusion could be drawn that the justice of the peace and the constable who had figured in the trial of plaintiff in the state case in which plaintiff here was defendant, had acted improperly in that trial. We cannot appreciate the force of this objection, principally for the reason before stated. That is to say, it was very difficult to give an account of this matter of the trial of plaintiff, without going into all the particulars connected with it. The court permitted all this matter to be gone into very fully at the instance of both parties and we are unable to see how the facts in the case could have been properly presented before the jury without the admission of this evidence. We find no reversible error in the admission of evidence.

The second assignment of error is to the refusal of an instruction asked by plaintiff. That instruction was to the effect that if the jury found from the evidence that defendant spoke the slanderous words of and concerning plaintiff as charged in plaintiff's petition, the law presumes they were spoken maliciously and it is not necessary to prove any express malice

in order to warrant a verdict for plaintiff. This instruction is too broad. There were a great many words alleged to have been spoken by defendant, some of which were not slanderous, and as to others there was no evidence whatever tending to establish the fact that defendant had used the words charged or enough of them to constitute the charge against plaintiff that he had bribed the jurors or any of them. This latter was really the gist of the action, the actionable words, so that this instruction, embracing all the words or charges set out in the petition, was too broad when tested by the facts in evidence. It may be further said of this assignment, that inasmuch as the jury found for defendant, the question of the amount of punitive damages to be recovered was out of the case.

Error is assigned to the action of the trial court in giving the second instruction at the instance of defendant. That instruction, in substance, told the jury that the only charge in plaintiff's petition is that defendant charged plaintiff with bribing the jury in the case of State of Missouri v. Ogle, "therefore the burden of proving, by the greater weight of the evidence in the case is upon the plaintiff to prove to your satisfaction that the defendant did so charge the plaintiff and unless you so find, from the greater weight of the evidence, that the defendant did so charge the plaintiff, your verdict should be for the defendant." It is averred that this instruction contains an erroneous statement of fact; that it was erroneous to say that the only charge in the petition is that defendant charged plaintiff with bribing the jury; whereas, it is argued, that it is averred and charged in the petition that defendant had said of plaintiff that he "got the jurors drunk and bought them," and that the "jurors must have been bribed or drunk," and that plaintiff bribed them and also got them drunk. It is true that this instruction does narrow the charge down to that of jury bribing but we cannot hold that the giv-

ing of this instruction on the part of defendant was error, when we consider the instruction given to the jury at the instance of plaintiff himself. That instruction told the jury, in substance, that *if* they found that plaintiff was tried on a charge of assault before a justice of the peace and a jury duly impanelled and sworn in the cause, and that upon that trial plaintiff was found not guilty by the jury, and if the jury found from the evidence in this case that thereafter the defendant spoke of and concerning plaintiff and of his discharge by the verdict of the jury, in the presence and hearing of different parties named, "Ogle got the jury drunk and bought them," "The jury must have been either drunk or bought," "Ogle had the jury bribed," "The jury must have been drunk or bribed," "The jury was bribed; it was a bribed jury;" "or if you find that the defendant spoke enough of the words hereinbefore set out so as to constitute the charge against the plaintiff that he bribed said jurors or any of them, then the jury must find for the plaintiff." It is clear, from this instruction, that plaintiff himself considered that the gist of his action was based upon the charge of jury bribing. Considering this instruction, which the plaintiff himself asked and which the court gave at his instance, we do not think that plaintiff is at liberty to complain of the court accepting that same theory when instructing the jury at the instance of defendant.

The third instruction which is complained of, in substance, told the jury that if they believed from the evidence in the cause that immediately after the trial of the state case against Ogle that that trial was generally discussed in the community and in the presence of defendant, and if they further found that defendant engaged in the discussion of the trial with others, then such facts, if any, may be taken into consideration by the jury in considering their verdict as to punitive or exemplary damages, if any. This instruc-

tion is criticized by the learned counsel for appellant on the ground that the answer, being a general denial and neither mitigation or justification pleaded and defendant having, in his answer, merely denied speaking the words, discussion in the community would not, in the state of the pleadings, avail defendant, nor would the fact that defendant engaged in the community discussion avail him. We are unable to appreciate the force of this objection and of this argument. At most this instruction went to the amount of damages. As no damages were allowed, whatever error may have been involved in giving this instruction was harmless.

It is further averred that this instruction is an undue comment on the evidence. We do not think so.

The fourth instruction to which error is assigned is, substantially, that if the jury believed from the evidence that defendant, soon after the trial in the justice's court, did say that the jury had been bought or that they had been bribed or that they were drunk, "still such charges of themselves, if made by defendant constitute no cause of action on the part of plaintiff." What is evidently meant to be covered by this instruction was testimony which was in the case, to the effect that the remarks of defendant were levelled, not at plaintiff, but at the justice and constable; the effect of this instruction being to exclude such remarks, even if made, if not made of and concerning plaintiff. The jury, as intelligent men, could not have understood this instruction to mean anything else, as they had been instructed that unless directed to or applied to and meant to apply to plaintiff, defendant was not liable in this action. We do not think this instruction misled the jury.

In line with this fourth instruction is the fifth, which is also criticized by the learned counsel for appellant. That instruction told the jury that if they found and believed from the testimony in the cause

that all the remarks, if any, made by defendant and referred to in the evidence, were made of and concerning the justice of the peace and the constable and not of and concerning plaintiff, their verdict should be for defendant. The objection made to this instruction is that it is erroneous because it is contrary to the evidence. We are entirely unable to appreciate the force of this criticism. Over and over again, in the testimony given by defendant, he testified that the remarks he had made in the conversation he had concerning this trial related to the justice and the constable. While he was corroborated by some witnesses as to this, it is true that other witnesses contradicted him; there is some contradiction even in defendant's own testimony. However that may be, it is beyond question that defendant did positively testify that his remarks, those on which this action is founded, were aimed not at plaintiff but at the justice and the constable. Defendant was entitled to the benefit of this testimony. This instruction, in connection with the fourth instruction, gave him that benefit and we see no error in it.

Going over the case carefully, with its long record of the testimony, we find no reversible error. There was substantial evidence before the jury warranting its verdict, and we are satisfied that that verdict is for the right party.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.