LEO N. LESLIE, Respondent, v. HENRY W. TIERNAN, Appellant.

Kansas City Court of Appeals, February 17, 1913.

PLEADING: Justices of the Peace: Statement: Sufficiency. The following statement before a justice of the peace was *held* to be sufficient to invoke the jurisdiction of the justice:

"Plaintiff for cause of action states that defendant is indebted to him in the sum of three hundred dollars for moneys advanced and actually paid by plaintiff for and on account of

Leslie v. Tiernan.

defendant at his instance and request, as rent on certain real estate on the southwest corner of Eleventh street and Locust Street in Kansas City, Missouri.

Wherefore, plaintiff prays judgment for three hundred dollars."

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

AFFIRMED.

*C. W. Prince* and *E. A. Harris* for appellant.

*Geo. S. Bryant, Jr.,* for respondent.

ELLISON, J.—Plaintiff's action was begun before a justice of the peace. It was appealed to the circuit court, where he recovered judgment. Defendant has brought the case here without a bill of exceptions, contending that the record proper will support his appeal.

The sole insistence is that the following paper did not state a cause of action in sufficiently definite terms to invoke the jurisdiction of the justice:

"Plaintiff for cause of action states that defendant is indebted to him in the sum of three hundred dollars for moneys advanced and actually paid by plaintiff for and on account of defendant at his instance and request, as rent on certain real estate on the soutwest corner of Eleventh street and Locust street in Kansas City, Missouri. Wherefore, plaintiff prays judgment for three hundred dollars."

We regard the statement as ample. [Moore v. Harmes, 123 Mo. App. 34; Johnson v. Kahn, 97 Mo. App. 628.]

It seems defendant regards the cause of action as on an account and that it should have been accompanied by dates, etc. But, as stated by plaintiff's counsel at the argument, the claim is not like a mercantile account; and while dates might be a matter of

interest between defendant and his landlord, it did not concern plaintiff. The face of the statement shows that defendant requested plaintiff to pay for him three hundred dollars rent for certain real estate and that he did so. No more was necessary.

The judgment was for the right party and is affirmed. All concur.