BOONE COUNTY LUMBER CO., Respondent, v. F. W. NIEDERMEYER, Appellant.

Kansas City Court of Appeals, February 1, 1915.

1. **CONTRACTS: Third Persons: Privity.** Plaintiff, a lumber dealer, knowing of a contract between N. and T. (whereby N. agreed that if T. would give a deed of trust on some lots on which he desired to erect two houses, he, N. would obtain money thereon to pay and would pay bills of plaintiff for the lumber used in said houses), sold the lumber for said houses to T. T. executed the deeds of trust and N. obtained more than enough money to pay said bills, but refused to pay them. *Held*, that plaintiff could sue and recover of N. the amount of such lumber bill.

2. ———: ———: ———: **Two agreements: Jury Question.** Although plaintiff's evidence shows an oral agreement with plaintiff on the part of N. to pay T's bill, yet, if such evidence together with all inferences which can be drawn from all the facts, also shows a contract between N. and T. whereby N. agreed with T. to pay said bill, then plaintiff can recover on said last named contract. Whether such contract existed is a question for the jury.

3. ———: ———: ———: **Statute of Frauds.** Such a contract is not within the Statute of Frauds, not being a promise to pay the debt of another, but a primary obligation.

4. ———: ———: ———: **Consideration.** Under the circumstances of this case the execution of the notes and deed of trust was a sufficient consideration to support the contract.

5. **TRIAL PRACTICE: Failure to Demur.** Where no demurrer to the evidence was offered, the joinder with plaintiff in submitting the case to the jury and in asking the court to instruct the jury on the issues, is an admission that there was sufficient evidence on which to go to the jury.

6. ———: **Admission of Evidence: Discretion of Court.** It is within the discretion of the court to admit evidence in chief after the close of plaintiff's case, unless the circumstances were such as to make such action prejudicially affect defendant's rights so as to render such admission an abuse of discretion.

7. ———: ———: **Error in Admitting Testimony: Objection.** If there was error in admitting testimony an objection must be made, exception saved, and the objector's rights preserved on the point in the motion for new trial, else the error is waived.

8. ———: **Submitting Case on Same Theory.** Parties submitting a case on the same theory in the trial court cannot charge error thereon, nor can either one of them change or abandon that theory on appeal.

Appeal from Boone Circuit Court.—*Hon. Samuel Davis*, Special Judge.

AFFIRMED.

*James L. Stephens* for appellant.

(1) A contract to assume and agree to pay the debt of another when made with the creditor is within the Statute of Frauds, and unenforceable. Bambrick v. Bambrick, 157 Mo. 423; Nunn v. Carroll, 83 Mo. App. 135; Parsons v. Kilso, 141 Mo. App. 369; Haeberle v. O'Day, 61 Mo. App. 390. (2) The verdict is against the evidence. The sufficiency of the evidence is challenged by this ground stated in a motion for a new trial. Spohn v. Railroad, 87 Mo. 74; Wilson v. Albret, 89 Mo. 537; Caruth v. Richeson, 96 Mo. 192; Whitsett v. Ranson, 79 Mo. 258; Doening v. Sann, 56 Mo. 479. (3) If there is no consideration there is

no contract, and burden is on the plaintiff to show a valid contract. Haeberle v. O'Day, 61 Mo. App. 394; Parsons v. Kelso, 141 Mo. App. 373; Page v. Becher, 31 Mo. 466; Jones v. Miller, 12 Mo. 408. (4) The contract must have been made for the creditor's benefit and the benefit as to him must not be merely incidental. Bank v. Chick, 170 Mo. App. 343; Bank v. Com. Co., 139 Mo. App. 110; Schide v. Bank, 120 Mo. App. 611; State ex rel. v. Towns, 88 Mo. App. 500; Hill v. Railroad, 82 Mo. App. 188; Housan v. Water Co., 119 Mo. 304.

*McBaine & Clark* for respondent.

(1) The contract in question was for the direct benefit of the plaintiff lumber company, and defendant was liable to plaintiff for its breach, even though plaintiff was not a party to the contract. Lawrence v. Fox, 20 N. Y. 268; Bank v. Benoist, 10 Mo. 521; Rogers and Peak v. Gosnell, 51 Mo. 466; Same case, 58 Mo. 589; St. Louis v. Von Phul, 133 Mo. 561; Porter v. Woods, 138 Mo. 539; Crone v. Stinde, 156 Mo. 262; Bank v. Chick, 170 Mo. App. 343. (2) Defendant, by voluntarily submitting his cause to the jury without demurring to the testimony at the close of the evidence, admitted that there was sufficient evidence to take the case to the jury and cannot shift his position on appeal. Hopkins v. Modern Woodmen of America, 94 Mo. App. 402; Eberly v. Railroad, 96 Mo. App. 361; Kenefick-Hammond Co. v. Fire Ins. Co., 205 Mo. 295; Hanson v. Boyd, 161 U. S. 402; Hartford Ins. Co. v. Unsell, 144 U. S. 451; Donnell v. Wright, 147 Mo. 639, 648; Riley v. Kansas City, 161 Mo. App. 290; Seiter v. Bischoff, 63 Mo. App. 157; Riggs v. Railroad, 216 Mo. 304. (3) The defendant did not question the sufficiency of the evidence to support the verdict, in his motion for a new trial and therefore, cannot upon appeal raise the question that plaintiff's

proof was insufficient.   Byrd v. Vanderburgh, 168 Mo.
App. 112; State v. Scott, 214 Mo. 257, 261; Aultman &
Taylor Machinery Co. v. Organ, 149 Mo. App. 102.

TRIMBLE, J.—This is a suit wherein the plain-
tiff, a corporation, bases its cause of action upon an
alleged contract, made for plaintiff's benefit, between
defendant and one Carl L. Torbitt.   Plaintiff was not
a party to said contract, but says it was cognizant of
it, and relied thereon in selling to Torbitt the bill of
lumber, payment of which is now sought to be recov-
ered.

Plaintiff was engaged in the business of selling
lumber and building materials, and the officers of the
Lumber Company had known the defendant Nieder-
meyer fifteen or twenty years.   They were not ac-
quainted with Torbitt and met him for the first time
when the lumber was sold.   Torbitt owned two lots in
Columbia which he desired to improve by building
two houses thereon.

Plaintiff's evidence tended to show that prior to
the sale of the lumber to Torbitt, defendant told Mc-
Alester, plaintiff's secretary and treasurer, and ap-
parently general manager of the business, that Torbitt
was going to build these two houses, and that he, (de-
fendant) was going to finance the project; that he was
going to obtain a loan for Torbitt on the lots, and
asked if the company would carry the account until
defendant could obtain said loan; that he had agreed
with Torbitt to lend him the money upon "two deeds
of trust which the Torbitts were to give him and that
he was to place out," and had agreed with Torbitt to
pay therefrom the lumber company for the lumber
furnished; and that he would see that the bills there-
for were paid.   The evidence in plaintiff's behalf
tended further to show that about ten days after this
conversation with defendant Niedermeyer, Torbitt
came to the Lumber Company for the first time, and

plaintiff learned from him also that the understanding was that Niedermeyer was to negotiate two deeds of trust upon the houses and obtain loans thereon and hold back sufficient money to pay the lumber bills; that thereupon the lumber was sold for said houses in reliance upon said contract, and with the understanding that Niedermeyer would pay the bills; that, as soon as the houses were built, or at least as soon as one of them was finished, plaintiff presented the bills to Niedermeyer, but he did not pay them and gave as a reason that he had not, as yet, been able to place the notes, and asked for more time; that Niedermeyer never denied his duty to pay the bills, and on one occasion wanted to settle the account by giving the lumber company one of the notes secured by a deed of trust.

The undisputed evidence was that Torbitt owned the lots in question and that he and his wife executed two deeds of trust on said lots, one on one lot for $700 and the other on the other lot for $600, and that, with the two, Niedermeyer obtained $1300 which was more than enough to pay plaintiff's bills, which aggregated only $798.42. Torbitt and Niedermeyer both say Niedermeyer obtained $1300 on the two deeds of trust and that Niedermeyer turned all of it over to Torbitt except some that Torbitt owed Niedermeyer for oak lumber used in the houses. Neither of them could say definitely how much this was, but they finally placed the amount turned over to Torbitt at something around $700. Their bank accounts did not show that Niedermeyer turned any over to him, and the men do not specify nor show how it was turned over. It is not seen how plaintiff's rights can be affected whether Niedermeyer turned a part of the money over to Torbitt or still has all of it. Plaintiff's rights depend upon whether there was a contract between Torbitt and Niedermeyer that if the former would execute the deeds of trust upon his lots, the latter would obtain

sufficient money thereon to pay, and would pay, the plaintiff's lumber bills, and upon the further question whether or not those deeds were executed and Niedermeyer obtained the money. If such was the contract and Niedermeyer obtained the sum of $1300, then plaintiff's rights do not depend upon whether Niedermeyer turned a part of the money over to Torbitt or kept it. Those rights depend upon whether plaintiff can sue upon the contract between Niedermeyer and Torbitt.

Defendant introduced evidence denying that there was any contract between him and Torbitt whereby he was to· pay plaintiff's bills out of the $1300 he got as a loan on the lots, and also denying that he told plaintiff's officers of any such contract or that he would hold back enough money of such loan to pay for the lumber furnished.

In addition to plaintiff's affirmative and express evidence as to the existence of such a contract between Niedermeyer and Torbitt as plaintiff claimed, and that it was made for plaintiff's benefit and that plaintiff was cognizant thereof and relied thereon when it sold the lumber, there were certain facts and circumstances tending to corroborate plaintiff's version. The first count of plaintiff's petition alleged a sale of lumber to Torbitt and a contract on the part of Niedermeyer with plaintiff to pay for same. This count was dismissed and recovery was asked solely on the second count. Defendant contends that, if plaintiff's evidence shows anything, it shows a contract on Niedermeyer's part with the plaintiff to pay for the lumber as pleaded in the first count and not a contract between Niedermeyer and Torbitt whereby the former agreed with the latter to pay the debt, as pleaded in the second count. Consequently, defendant claims that, as the only count which the evidence might tend to support has been dismissed, no recovery can be had. It is doubtless true that the evidence of McAlester does

contain the statement of an agreement on Niedermeyer's part with plaintiff to pay Torbitt's bills. But it, together with other evidence introduced on plaintiff's behalf as well as the inferences which can be drawn from all the facts and circumstances, if believed by the jury, also shows that Niedermeyer agreed, in his contract with Torbitt, to pay plaintiff's bill out of the money obtained by him, that the purpose of this contract was for the benefit of plaintiff, and that plaintiff was fully cognizant of it and relied thereon in parting with the lumber. If such a contract existed, then the mere fact that Niedermeyer may also have promised plaintiff that he would see the lumber bills were paid would not affect plaintiff's right to recover on such Torbitt-Niedermeyer contract. It being for the jury to say whether the facts pleaded in the second count were or were not true, and the jury having found that they were, then we must so accept them, provided, of course, there was substantial evidence on which to submit such issue to the jury. On the case as tried and as presented by the record, we are of the opinion that there was substantial evidence to support the finding. In addition to this, no demurrer to the evidence was interposed. This failure to demur, together with the joining with plaintiff in asking the court to instruct upon the issue and in submitting that issue to the jury, was an admission at the trial that there was sufficient evidence to take the case to the jury, an admission which the defendant cannot be allowed to take back on appeal. [Kenefick-Hammond Co. v. Norwich etc. Ins. Society, 205 Mo. 294, l. c. 312; Hanson v. Boyd, 161 U. S. 397, l. c. 402; Hartford Ins. Co. v. Unsell, 144 U. S. 439, l. c. 451.]

Accepting the facts as found by the jury, it is clear that the contract between Niedermeyer and Torbitt was that if Torbitt would execute deeds of trust upon his property, Niedermeyer would obtain the money thereon to pay, and would pay, plaintiff's bills for the

two houses; that this contract was fully performed by Torbitt on his part and Niedermeyer obtained the money; that not only was this contract intended to be for plaintiff's benefit, but also that plaintiff knew of it and sold the lumber in reliance thereon; that although Niedermeyer obtained the money, he has refused, after demand, to pay plaintiff's bill as he agreed to do. In such case plaintiff can recover on the contract although he was not a party thereto. [Lawrence v. Fox, 20 N. Y. 268; Bank of Missouri v. Benoist, 10 Mo. 327; Rogers v. Gosnell, 58 Mo. 589; St. Louis v. Von Phul, 133 Mo. 561; Crone v. Stinde, 156 Mo. 262; Gate City National Bank v. Chick, 170 Mo. App. 343.]

Nor is such contract within the Statute of Frauds. It is not a promise to pay the debt of another. Niedermeyer promised Torbitt that if he would execute deeds of trust upon his lots and thereby enable Niedermeyer to raise the money, he Niedermeyer, would pay therewith plaintiff's claim for the lumber used in building Torbitt's houses. Torbitt did this and Niedermeyer got the money. Niedermeyer is thus under obligation to perform his part of the contract with Torbitt, and plaintiff is entitled to require him to perform it. This obligation does not rest upon a promise to plaintiff that if Torbitt does not pay his debt, Niedermeyer will. It rests upon the contract made by Niedermeyer with Torbitt for plaintiff's benefit. The obligation to pay is, therefore, a primary obligation, and is not within the Statute of Frauds. [Duerre v. Puediger, 65 Mo. App. 407; Hedden v. Schneblin, 126 Mo. App. 407; Leckie v. Bennett, 160 Mo. App. 145; Flanagan v. Hutchinson, 47 Mo. 237; Besshears v. Rowe, 46 Mo. 501.]

Neither was there a lack of consideration for such contract. Torbitt owed to plaintiff the duty of paying for the lumber. He executed his notes and deeds of trust and delivered them to Niedermeyer pursuant to the contract that Niedermeyer would obtain money

on them and pay plaintiff's claim. The execution of the notes and deed of trust under these circumstances was a sufficient consideration. [Crone v. Stinde, 156 Mo. 262; Elmer v. Campbell, 136 Mo. App. 100, l. c. 103; Hadden v. Schneblin, 126 Mo. App. 478, l. c. 486; Chenoweth v. Pacific Express Co., 93 Mo. App. 185, l. c. 193.]

Error is charged in the admission of the testimony of one, Brown, introduced by plaintiff in rebuttal. The only objection made was that it was not proper rebuttal testimony. And the only complaint made in the motion for new trial was that it was not in rebuttal of any testimony offered by defendant. It was within the discretion of the court to admit it after the close of plaintiff's case in chief, unless under the circumstances such action prejudicially affected defendant's rights so as to make it an abuse of discretion. [Brashear v. American Patriots, 161 Mo. App. 566; Leslie v. Ternan, 168 Mo. App. 340, l. c. 344.] We see no such circumstances here to make it an abuse of discretion. It is insisted that the object of Brown's testimony was to impeach Torbitt, and that no foundation was laid therefor. Without passing on the question whether Brown's testimony was offered for that purpose or had that effect, the error, if any, cannot be relied upon now, since no objection was made on that ground, nor was such ground mentioned in the motion for new trial. [Kirby v. Wabash Ry., 85 Mo. App. 345; Howard v. Hurst, 163 Mo. App. 641.] The complaint made in the motion for new trial was specific, and there was no general objection therein concerning the introduction of evidence. In that situation, only the specific objection can be considered. [Sterrett v. Metropolitan St. Ry. Co., 225 Mo. 99, l. c. 106.] Besides, Torbitt was afterwards put back upon the stand by defendant, so that the irregularity of no foundation being laid, if one was required, was cured. [Newell v. Taylor, 74 S. C. 8.]

Lastly it is urged that plaintiff's instruction number 1, is erroneous in that the petition sets out a contract whereby the money to be raised on the notes was to be sufficient to pay plaintiff's bills and all others, while the instruction omits to require the jury to find that it was sufficient to pay all others. The instruction, however, in alluding to the amount of money to be raised, and to be paid out by Niedermeyer under the alleged contract with Torbitt, always spoke of it as "a sum of money sufficient to pay the cost of the labor and material that would be required in and about the construction and erection of said houses aforesaid" or as a "sum sufficient to cover and to equal the amounts and sums of money necessary to pay the cost and expenses of labor and material required in and about the erection and construction of the houses aforesaid." It would seem this required the jury to find that enough money was obtained to pay all bills, if that were necessary to prove the contract alleged in the petition. There was proof from which the jury could find that, after the two houses were finished, Niedermeyer had more than enough of the $1300 left to pay plaintiff's bills. If the contract was that he would pay these bills, and $1300 was raised, and the plaintiff's bills were less than that sum, then it is not easy to see wherein plaintiff's rights would be affected whether this was or was not money enough to pay all other bills. If, however, it was necessary to prove such fact in order to establish a contract in strict conformity to the contract pleaded, then there was evidence tending to prove that fact and, as shown, the instruction was broad enough to include it. There was no dispute made by defendant over that issue. And his instructions contained nothing on that subject. So that, if plaintiff's instruction omitted the feature under consideration, defendant's did also, and the case was tried and submitted by both sides as if the only issue was whether Niedermeyer agreed with Torbitt

to pay plaintiff's bills or not. Such being the theory on which both parties tried and submitted the case, they should be bound thereby on appeal. [Riggs v. Metropolitan St. Ry., 216 Mo. 304, l. c. 318; Wallower v. Webb City, 171 Mo. App. 214; Popineau v. Waverly Brick and Coal Co., 168 Mo. App. 547; Ogler v. Sidwell, 167 Mo. App. 292.]

We are unable to perceive any valid reason why the judgment should be disturbed, and it is accordingly affirmed. All concur.