JOHN B. BELL, RESPONDENT, v. CITY OF FAYETTE, APPELLANT.[*]

Kansas City Court of Appeals.    June 6, 1927.

[*]Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2625, p. 712, n. 59; Contracts, 13CJ, section 517, p. 546, n. 54; Electricity, 20CJ, section 4, p. 307, n. 26.

*S. C. Major, R. M. Bagby, R. K. Bridges* and *A. R. James* for respondent.

*Lionel Davis* for appellant.

WILLIAMS, C.—This is a suit arising out of a written contract. Plaintiff and defendant in January, 1910, entered into a contract covering a period of ten years. There is no question as to the validity of the contract. Under the contract plaintiff leased from the defendant the electric light plant owned by said defendant, the city of Fayette. Under the terms of the contract at the end of each year an accounting and settlement was to be made and accounts were to be squared between the parties. These settlements were made and no controversy arose until the final settlement for the last year. The suit has to do with this last settlement.

Defendant agreed in this contract to pay the plaintiff ninety-five per cent of the cost of all new materials used in additions and extensions to the plant which were made by him in the last or 10th year of the contract.

The first item sued for is $1920.88. This represents ninety-five per cent of the actual costs to the plaintiff of new materials used by him in making additions and extensions to the plant in the 10th year of the contract. There seems to be no question as to the justness of this item. Interest on this amount was awarded from February 1, 1920.

It is further provided in the contract that at the termination of the lease, the city was to purchase from the plaintiff all supplies on hand that were merchantable, and of the kind then in use by electric light plants, and to pay the cash value therefor. An inventory was taken in accordance with the contract, an itemized list presented showing a balance of $748.27. The justness of these items does not seem to be questioned.

The next item is for eighty-seven meters at $6 each, amounting to $522.

An item for $45 for wiring the mayor's office is sued for, as is, an unearned insurance premium of $28.90.

The answer of the defendant sets up a counterclaim pleading a contract whereby plaintiff agreed to pay the defendant five cents per 1000 gallons, for water used from the storage cistern, and asks judgment for $1314 on this item, also defendant sues for pumping water for ice plant of plaintiff $1615.50. $120 is alleged to be due for damage to boiler. $792.22 for repairs. $5 for engine sold by plaintiff belonging to defendant. $100 for copper sold by plaintiff.

The reply of the plaintiff to the counterclaim denies owing the $120 for damages to the boiler tubes, denies $792.22 and admits that he is indebted to plaintiff in the sum of $100; that the item of the engine

was fully adjusted by the city in prior settlements, and denies that he used any of the city water except as authorized by the contract.

A verdict was rendered for plaintiff in the sum of $4375.27.

A verdict was rendered for the defendant on his counterclaim for $268, probably the $100 which plaintiff admits he owes, and for one-half of the repairs to the boiler house with interest on both items. Judgment was entered in favor of the plaintiff for the difference between the two verdicts which gave plaintiff a judgment for $4107.27.

After an unsuccessful motion for a new trial the defendant has appealed.

Respondent first makes the point that the brief by appellant does not comply with the rules. However, we think the brief is sufficient to authorize an examination of the questions presented.

The appellant complains of the refusal to give its instruction No. 3 which is a peremptory instruction to find for the defendant as to the eighty-seven meters mentioned in evidence. The question then presents itself, were the meters included within the written contract? The seventeenth section of said contract provided that the city should buy "supplies on hand that are merchantable and of the kind then in use by electric light plants." The city took these meters over and sold some of them and collected the money for the same; they collected the rental for these meters. The court did not assume that the electric meters came under the contract, but submitted the question to the jury as to whether or not the meters were merchantable and used in connection with the operation of the electric light plant. We think under this evidence there is no error in refusing defendant's instruction.

The case of Crutchfield v. City of Warrensburg, 30 Mo. App. 456, l. c. 461, is not in point, nor is Brown v. City of New Madrid, 208 S. W. 109, for the reason that in the case at bar, it is contended, and the jury found, that the meters were covered by the written contract. In the cases cited by appellant no such question was, or could, have been submitted to the jury.

Again the interpretation of the contract by the parties themselves is shown by taking over some of the meters and collecting rent. This shows the parties interpreted the contract to include the meters. In Carney v. Chillicothe Water & Light Co., 76 Mo. App. 1. c., the court says:

"In the construction of contracts, the court will look at all the circumstances of the case, the nature of the property, the occupation and relation of the parties, the usages of the place and the business to which the contract relates, and, ascertain by reasonable inference, what the parties must have understood and mutually expected at the time of the making of the contract, and then adopt that construction which will best and most nearly carry the contract into effect as they intended and understood. [Dwelley v. Dwelley, 143 Mass. 509.]"

It is next contended that the court erred in modifying instruction No. 2 as asked by plaintiff. The modification was made, doubtless by reason of the fact, that the whole account was covered by other instruction. We think there is no error in the modification.

Complaint is made that evidence was not admitted showing the amount of water used by plaintiff. However, as we read the record there was no evidence offered or introduced that the water for the ice plant was used from the city storage cistern. If not used from the storage cistern plaintiff under his contract was not required to pay for same. The evidence of plaintiff's witness was that they used exhaust steam out of the engine and never used city water for making ice. The circuit court in passing upon the question said: "You can show what water he got out of that storage well for the ice plant, not for the electricity, because the original contract carries the right to use the water for the electricity."

It will be seen that the court expressly ruled in favor of the appellant but no evidence was offered by appellant following this ruling. We think the point is not well taken.

As to the item for wiring the city hall and the mayor's office and insurance premium, the matter was submitted to the jury under instruction requested by both sides. No special demurrer was asked withdrawing these questions from the jury. We think under the authority of Carroll v. Young, 267 S. W. 436, and Boone Co. Lumber Co. v. Niedermeyer, 187 Mo. App. 180, 173 S. W. 57, the appellant is not in position to complain.

We see no reason to interfere with the judgment.

Judgment affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.